IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DARRELL CHAMBERS,

    Plaintiff,

v.                                CASE NO. 1:14-cv-166-MW-GRJ

JUDGE KREIDER,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Alachua County Jail, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983. Doc. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*, Doc. 2, which is incomplete because it lacks the prisoner consent form and financial certificate required. However, it is not necessary for Plaintiff to correct this deficiency, as the undersigned recommends that Plaintiff's complaint be dismissed under *Younger v Harris* and because Plaintiff cannot proceed with his claims because of absolute judicial immunity.

The Complaint is subject to screening pursuant to 28 U.S.C § 1915A, which authorizes the Court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss a complaint that is frivolous, malicious, or fails to state a claim against which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.

In the Complaint the only defendant is Judge Kreider, a Circuit Judge in the

Eighth Judicial Circuit in and for Alachua County, Florida. Plaintiff's claim relates to an ongoing state criminal case. According to Plaintiff, Judge Kreider failed to remove Plaintiff's court-appointed attorney in the state criminal case after his attorney informed the judge that he was personal friends with the crime victim's neighbors. Plaintiff claims Judge Kreider's failure to remove his attorney violates Plaintiff's Eighth Amendment rights and that his attorney's withdrawal of a motion for release after Judge Kreider denied bond, violates the "Seventh Amendment right to due process." Doc. 1 at 5. As relief, Plaintiff states that "I want to know if it was right in the way they handled my case," and whether he was denied representation.

Plaintiff's claims must be dismissed for two independent reasons. First, under *Younger v. Harris*, 401 U.S. 37 (1971) the Court is not permitted to interfere in on-going state criminal proceedings. Second – even assuming the Court was permitted to do so — Plaintiff cannot proceed against Judge Kreider because Judge Kreider is protected by absolute judicial immunity.

First, because Plaintiff's complaint concerns an on-going criminal proceeding, the Court is required to abstain from reviewing Plaintiff's claims under *Younger,* 401 U.S. 37. "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997). "The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Florida,* 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004). The exceptions to *Younger*

are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised. *Id.* at 1263 n.6. None of the *Younger* exceptions apply in this case. Plaintiff has an adequate opportunity to advance his Due Process and other claims[1] as to the legality of his pre-trial detention in the state court criminal proceedings.

Second, even if the Court did not abstain under *Younger,* Plaintiff's claims against Judge Kreider cannot go forward because the claims are barred by the doctrine of absolute judicial immunity. It is well settled law that judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) *quoting Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Absolute judicial immunity, like other forms of immunity, means a judge is immune "from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). It is evident that the conduct about which Plaintiff complains involved Defendant's actions as a judge presiding over Plaintiff's state criminal case. Thus, absolute judicial immunity applies to Defendant's judicial actions, even if "the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. The allegations of the Complaint do not suggest that Plaintiff's claims would fall within any of

---

[1] While the Court is not required to address the merits of Plaintiff's claims suffice it to say that a failure to remove his attorney because of a conflict of interest does not state a claim under the Eighth Amendment. Moreover, the Seventh Amendment deals with the right to jury trial and not the right of due process.

the recognized exceptions to the doctrine of absolute judicial immunity.

Lastly, the Court need not afford Plaintiff with an opportunity to amend his complaint, because even liberally construed, the facts alleged do not suggest that Plaintiff could amend his complaint to assert a cognizable claim for relief against Defendant. Accordingly, because any amendment would be futile there is no need to grant Plaintiff leave to file an amended complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** pursuant to *Younger v Harris* and pursuant to 28 U.S.C. § 1915A because Plaintiff seeks relief against a defendant who is immune from suit. All pending motions should be terminated, the case should be dismissed and this case should count as a strike.

**IN CHAMBERS,** at Gainesville, Florida, this 15th day of September 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**